# Matter of Ignacio GUZMAN MARTINEZ, Respondent

*Decided June 29, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Pursuant to section 101(a)(13)(C)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(13)(C)(iii) (2006), a lawful permanent resident of the United States may be treated as an applicant for admission in removal proceedings if the Department of Homeland Security proves by clear and convincing evidence that the returning resident engaged in "illegal activity" at a United States port of entry.

FOR RESPONDENT: Arnold S. Jaffe, Esquire, Santa Barbara, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Tasha Gailys, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and GREER, Board Members.

GREER, Board Member:

In a decision dated February 14, 2011, an Immigration Judge terminated removal proceedings against the respondent, concluding that the Department of Homeland Security ("DHS") had improperly charged the respondent with inadmissibility to the United States based on alleged illegal activity discovered at a port of entry. The DHS has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico, has been a lawful permanent resident of the United States since 2004. On July 31, 2005, after visiting Mexico, he presented himself for inspection at the San Ysidro, California, port of entry. During the inspection process, immigration officers concluded that the respondent was attempting to bring an undocumented juvenile alien into the United States in violation of law. Accordingly, the officers paroled the respondent into the United States and initiated removal proceedings by filing a notice to appear, which charged him with

inadmissibility under section 212(a)(6)(E)(i) of the Act, 8 U.S.C. § 1182(a)(6)(E)(i) (2000), as an alien who "at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law."

After several evidentiary hearings, the Immigration Judge dismissed the charge and terminated the removal proceedings "without prejudice," concluding that the notice to appear had been "improvidently issued" by the DHS. According to the Immigration Judge, the DHS's decision to charge the respondent with inadmissibility was inconsistent with section 101(a)(13)(C) of the Act, 8 U.S.C. § 1101(a)(13)(C) (2006), which establishes a rebuttable presumption that returning lawful permanent residents "shall not be regarded as seeking an admission into the United States for purposes of the immigration laws." On appeal, the DHS counters that the notice to appear was not improvidently issued and that the evidence in this case is sufficient to rebut the statutory presumption against treating a returning lawful permanent resident as an applicant for admission.

## II. ANALYSIS

As the Immigration Judge determined, section 101(a)(13)(C) of the Act establishes a presumption against treating a returning lawful permanent resident as an applicant for admission in removal proceedings. That presumption may be rebutted, however, if the DHS establishes by clear and convincing evidence that one or more of six statutory exceptions applies. *Matter of Rivens*, 25 I&N Dec. 623 (BIA 2011). Here, the DHS invokes the exception in section 101(a)(13)(C)(iii) of the Act, which authorizes a returning lawful permanent resident to be regarded as an applicant for admission if he "has engaged in illegal activity after having departed the United States."

The term "illegal activity" is not defined in the Act. As a matter of semantics, it is possible to interpret the term broadly to encompass any activity that is "[f]orbidden by law" or "unlawful." *Black's Law Dictionary* 763 (8th ed. 1999) (defining the term "illegal"). On the other hand, we are mindful of the Supreme Court's caveat that "[a] word in a statute may or may not extend to the outer limits of its definitional possibilities. Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006). A contextual reading of section 101(a)(13)(C)(iii) suggests

that Congress understood the term "illegal activity" to mean *criminal* activity,[1] as opposed to other forms of "illegal" activity, such as torts, breaches of contracts, or noncriminal regulatory violations. We need not define the outer limits of the term in this case, however, because there is no serious dispute that the conduct alleged here—knowingly attempting to bring an undocumented alien into the United States—is "illegal activity" under any reasonable construction. *See* sections 212(a)(6)(E)(i), 237(a)(1)(E)(i), 274(a) of the Act, 8 U.S.C. §§ 1182(a)(6)(E)(i), 1227(a)(1)(E)(i), 1324(a) (2006).

The Immigration Judge appeared to acknowledge that attempting to bring an undocumented alien into the United States was "illegal activity," but he nevertheless concluded that section 101(a)(13)(C)(iii) did not apply to the respondent because his illegal activity did not occur after he had "departed the United States," but rather as he "crossed the border" back into it. In other words, the Immigration Judge read section 101(a)(13)(C)(iii) as applying only to illegal activity engaged in abroad or on the high seas, but not to activity committed during the inspection process at a United States port of entry.[2] We disagree with that interpretation.

There is no dispute that illegal activity committed by a returning lawful permanent resident *after* his lawful reentry into the United States would not trigger application of section 101(a)(13)(C)(iii) because in such a case the offending conduct would have occurred while the lawful permanent resident was "in and admitted" to the United States within the meaning of section 237(a) of the Act, thereby making him subject to the grounds of deportability. *Matter of Alyazji*, 25 I&N Dec. 397, 406 (BIA 2011). But the same cannot

---

[1] Section 101(a)(13)(C)(iii) was enacted pursuant to section 301(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-575, but its language is derived verbatim from the text of an earlier House bill. H.R. 2202, 104th Cong. § 301(a) (1996). The report of the House Judiciary Committee issued in conjunction with H.R. 2202 reflects that the amendment to section 101(a)(13) was intended to "preserve[] a portion of the *Fleuti* doctrine by stating that a returning lawful permanent resident shall not be regarded as seeking admission unless the alien . . . has engaged in *criminal* activity after having left the U.S." H.R. Rep. No. 104-469, pt. 1, at 225 (1996) (emphasis added) (footnote omitted); *see also Rosenberg v. Fleuti*, 374 U.S. 449 (1963).

[2] In so concluding, the Immigration Judge found that the notice to appear had been "improvidently issued." On appeal, the DHS contends that the phrase "improvidently issued" applies exclusively to notices to appear that are either cancelled by the Government before jurisdiction vests with the Immigration Judge or dismissed on the Government's motion thereafter. *See* 8 C.F.R. §§ 239.2(a)(6), 1239.2(c) (2012). While the DHS raises a valid point, it is nevertheless evident that the Immigration Judge employed the phrase "improvidently issued" to convey nothing more than his own legal judgment that the charge set forth in the notice to appear was incorrect.

be said of a returning lawful permanent resident who engages in illegal activity while undergoing inspection at a port of entry. When a lawful permanent resident voluntarily leaves the United States, he remains outside this country for immigration purposes until he completes the inspection process upon return.[3] An alien does not meaningfully "enter" the United States simply by setting foot in a port of entry. *See Matter of Patel*, 20 I&N Dec. 368 (BIA 1991).[4] Furthermore, although the illegal activity alleged here—alien smuggling—may have been *discovered* at a port of entry, that does not mean it *began* there. On the contrary, a single incident of alien smuggling may involve a course of illegal conduct "engaged in" on both sides of the border.

Thus, in our view the most natural reading of section 101(a)(13)(C)(iii) is that it covers any alien who engages in illegal activity after departing from the United States but before reentering after inspection. Accordingly, a returning lawful permanent resident who is shown by clear and convincing evidence to have engaged in illegal activity at the port of entry (for example by attempting to bring an undocumented alien into the United States) is in the same position vis-à-vis section 101(a)(13)(C)(iii) as a lawful permanent resident who engaged in illegal activity on foreign soil or the high seas. Both are subject to charges of inadmissibility upon return.

## III. CONCLUSION

In conclusion, if the DHS adduces clear and convincing evidence that the respondent was knowingly attempting to bring an undocumented alien into the United States in violation of law at the San Ysidro port of entry on July 31, 2005, it will thereby have established that the respondent is an applicant for admission despite his lawful permanent resident status, in which case a charge of inadmissibility would be appropriate. Because the Immigration Judge incorrectly determined that the respondent could not be treated as an applicant for admission by virtue of conduct committed at the port of entry, he did not decide whether the evidence was sufficient to establish that the respondent did, in fact, engage in "illegal activity." The record will be remanded for further proceedings with respect to that question and for the entry of a new decision.

---

[3] A lawful permanent resident who departs the United States but evades inspection upon return is treated as an applicant for admission pursuant to section 101(a)(13)(C)(vi) of the Act, without regard to his commission of other "illegal activity."

[4] If a lawful permanent resident is permitted to reenter the United States after inspection by an immigration officer but is thereafter determined to have engaged in illegal activity before reentry, the alien may be subject to a charge of deportability under section 237(a)(1)(A) of the Act for having been inadmissible at the time of a prior entry.

**ORDER:**    The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.