NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 11-3038
———

GIOVANNA MARIBEL GUERRERO
                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
———

On Petition from the Board of Immigration Appeals – Newark, NJ
(File No. A075-875-025)

———

Argued February 14, 2013
Before:  HARDIMAN and GARTH, *Circuit Judges*, and STARK, *District Judge*[*]

(Filed: March 11, 2013)

———

OPINION OF THE COURT
———

Thomas E. Moseley, Esq. (ARGUED)
Suite 2600
One Gateway Center
Newark, NJ 07102

---

[*] The Honorable Leonard P. Stark, District Judge for the United States District Court for the District of Delaware, sitting by designation.

Sara J. Bergene, Esq. (ARGUED)
Justin R. Markel, Esq.
Stefanie N. Hennes, Esq.(ARGUED)
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

GARTH, *Circuit Judge*.

This petition for review of a decision of the Board of Immigration Appeals (BIA) principally raises the question of whether a lawful permanent resident alien (LPR) who is convicted of attempting to bring another alien to the United States without prior authorization in violation of 8 U.S.C. § 1324(a)(2)(A)[1] is therefore "inadmissible" to the United States as an alien smuggler under 8 U.S.C. § 1182(a)(6)(E)(i).[2]

---

[1] 8 U.S.C. § 1324(a) provides that: "(2) Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs--
(A) be fined in accordance with Title 18 or imprisoned not more than one year, or both . . . ."

[2] 8 U.S.C. § 1182(a)(6)(E)(i) provides that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a). Because the evidence of record is insufficient to support the BIA's conclusion that the petitioner, Giovanna Maribel Guerrero, was "inadmissible," we will reverse the decision of the BIA.

I

We write principally for the benefit of the parties and recite only the facts essential to our disposition. Guerrero is a native and citizen of Peru and a LPR of the United States. In April, 2005, after a short trip abroad Guerrero attempted to reenter the United States at Miami International Airport as a returning LPR. Guerrero was not admitted but was instead paroled into the United States for purposes of prosecution.

A federal grand jury subsequently indicted Guerrero on five counts of "knowingly attempt[ing] to bring aliens to the United States . . . knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter and reside in the United States, regardless of any official action which might later be taken with respect to such aliens" in violation of 8 U.S.C. § 1324(a)(2)(A). Guerrero was also indicted on one count of knowingly providing a passport to someone other than the person to whom it was issued, in violation of 18 U.S.C. § 1544.[3] Guerrero pleaded guilty to one count of violating 8 U.S.C. § 1324(a)(2)(A) and was sentenced to 18 months of probation. The remaining counts—including the sixth count concerning the provision of a passport—were dismissed.

---

[3] 18 U.S.C. § 1544 proscribes "willfully and knowingly furnish[ing], dispos[ing] of, or deliver[ing] a passport to any person, for use by another than the person for whose use it was originally issued and designed . . . ."

In July, 2008, the Department of Homeland Security charged Guerrero as a removable alien pursuant to 8 U.S.C. § 1182(a)(6)(E)(i), which provides that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible." At the ensuing proceedings before the Immigration Court, Guerrero contended as a threshold matter that as a LPR she could not be deemed "inadmissible" and should, instead, be subject to removal proceedings.[4] She further argued that the fact that she pleaded guilty to an offense under § 1324(a)(2)(A) is insufficient to prove the essential elements of § 1182(a)(6)(E)(i).[5]

The Immigration Judge found that Guerrero "engaged in illegal activity after having departed the United States," thus rendering her an applicant for admission pursuant to 8 U.S.C. § 1101(a)(13)(C)(iii).[6] The Immigration Judge further determined

---

[4] The difference is significant. If she were not an applicant for admission, Guerrero, who had been admitted to the United States and had become a LPR, would be subject to removal only if she violated a statute so providing. She would also be entitled to constitutional due process protections, which apply to aliens already in the United States but not to applicants for admission. Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

[5] Guerrero also invoked two exceptions to removability not relevant to this appeal and applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). We need not address at length Guerrero's claim that she is eligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3) establishes that aliens convicted of aggravated felonies are ineligible for cancellation of removal. 8 U.S.C. § 1101(a)(43)(N) in turn specifically lists alien smuggling offenses under § 1324(a)(2) as aggravated felonies. Moreover, this Court has held that a conviction under § 1324(a)(2) constitutes an aggravated felony, notwithstanding that the offense is a misdemeanor under federal law. Biskupski v. Attorney General, 503 F.3d 274, 279-81 (3d Cir. 2007).

[6] 8 U.S.C. § 1101(a)(13)(C) provides: "An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien . . . (iii) has engaged in illegal activity after having departed the United States . . . ."

4

that Guerrero's guilty plea provided substantial evidence to demonstrate that she knowingly assisted or aided undocumented aliens in trying to illegally enter the United States. The Immigration Judge therefore held that Guerrero was "inadmissible" and not eligible for cancellation of removal.

Guerrero appealed from the decision of the Immigration Judge to the BIA. The BIA, conducting *de novo* review, affirmed the Immigration Judge's judgment in all respects. This timely petition for review followed.

## II

We review the BIA's legal conclusions *de novo*, subject to established principles of deference. See Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004).[7] We will reverse the BIA's ultimate "inadmissibility" decision only if it is "manifestly contrary to law." 8 U.S.C. § 1252 (b)(4)(C).

## III

We begin by addressing the question of whether the BIA properly treated Guerrero as an applicant for admission to the United States, despite her status as a LPR of this country. Generally an alien who is a LPR of the United States returning from abroad is not regarded as an applicant for admission. 8 U.S.C. § 1101(a)(13)(C). A returning LPR

---

[7] Here, we are asked to review an unpublished decision by a single member of the BIA. "Although we routinely accord Chevron [U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984)] deference to published decisions of the BIA, this Court has never announced the deference due an unpublished decision rendered by a single member of the BIA." De Leon-Ochoa v. Attorney General of the United States, 622 F.3d 341, 349 (3d Cir. 2010) (citation omitted). As in De Leon-Ochoa, because the parties have not briefed this issue and our level of deference is not dispositive, we do not address this question.

who "has engaged in illegal activity after having departed the United States," however, is deemed to be an applicant for admission. 8 U.S.C. § 1101(a)(13)(C)(iii). By virtue of her guilty plea to § 1324(a)(2)(A), Guerrero plainly falls within the scope of § 1101(a)(13)(C)(iii), which proscribes an alien from engaging in illegal activity after leaving the United States. Hence Guerrero was properly treated as an applicant for admission into this country. See Matter of Guzman Martinez, 25 I. & N. Dec. 845, 846-47 (BIA 2012).

Guerrero contends that, notwithstanding the plain statutory language, her actions do not fall within the terms of § 1101(a)(13)(C)(iii). We do not agree. Guerrero first argues that § 1101(a)(13)(C)(iii) should be read to encompass only crimes of moral turpitude and thus should not be triggered by § 1324(a)(2)(A). There is, however, no support in the statutory text for this qualification. Section 1101(a)(13)(C) provides separately for crimes of moral turpitude and other substantive offenses, see 8 U.S.C. § 1101(a)(13)(C)(v), and Guerrero offers no persuasive grounds for merging the provisions of § 1101(a)(13)(C)(v) into § 1101(a)(13)(C)(iii).

Guerrero also contends that § 1101(a)(13)(C)(iii) should be read to apply only to crimes that began *upon* a permanent resident's departure from the United States and not to illegal activity that began *at some time after* departure. This claim similarly finds no support in the statutory text. As we have observed, the statute refers simply to illegal activity conducted "*after* having departed the United States." 8 U.S.C. § 1101(a)(13)(C)(iii) (emphasis added).

6

Guerrero invokes Rosenberg v. Fleuti, 374 U.S. 449 (1963), in support of her construction of § 1101(a)(13)(C)(iii). Fleuti, which established the basic contours governing when a returning LPR will be treated as an applicant for admission, did consider the purpose of departure. Id. However, the operative statutory language, which was enacted over three decades after Fleuti was filed, plainly provides no support for Guerrero's claim.

Thus, as to Guerrero's first claim, we will affirm the BIA's holding that Guerrero was an applicant for admission to the United States and therefore could be held "inadmissible." We turn next to the question of whether the BIA properly concluded that the evidence of record demonstrates her "inadmissibility" pursuant to 8 U.S.C. § 1182(a)(6)(E)(i).

IV

In support of its conclusion that Guerrero is "inadmissible," the BIA relied solely on its determination that "all of the conduct described in [8 U.S.C. § 1324(a)(2)(A)] falls within the range of activity described under [§ 1182(a)(6)(E)(i)]."[8] Thus, we must determine whether the BIA correctly concluded that Guerrero's guilty plea to one count of an indictment charging that she "*knowingly* attempt[ed] to bring aliens to the United States . . . *knowing and in reckless disregard* of the fact that such aliens had not received prior official authorization to come to, enter and reside in the United States, regardless of any official action which might later be taken with respect to such aliens," in violation of

---

[8] We note that the BIA's decision incorrectly references 8 U.S.C. § 1324(a)(1)(A) instead of § 1324(a)(2)(A) as the offense of conviction. We construe this as a scrivener's error.

7

8 U.S.C. § 1324(a)(2)(A), see Certified Admin. Record at 121 (emphasis added), is

sufficient to demonstrate that she "*knowingly* has encouraged, induced, assisted, abetted,

or aided any other alien to enter or to try to enter the United States in violation of law,"

rendering her "inadmissible" under § 1182(a)(6)(E)(i) (emphasis added).[9]

A critical textual distinction separates the statutes at issue. Section

1182(a)(6)(E)(i) requires an alien to *knowingly* assist another alien to enter or attempt to

enter the country in violation of the law. Section 1324(a)(2)(A), however, applies to an

alien who brings another alien to the country "*knowing or in reckless disregard* of the

fact that an alien has not received prior official authorization to come to, enter, or reside

in the United States" (emphasis added). Thus § 1324(a)(2)(A), the statute to which

Guerrero pleaded guilty, may be satisfied by an alien who does not actually *know* (but

rather *recklessly disregards*) whether the alien being brought to the country is legally

entitled to enter. We are therefore unable to determine whether Guerrero was convicted

on the basis of *knowing* conduct, the only conduct which satisfies § 1182(a)(6)(E)(i), or

---

[9] Guerrero contends that in reaching this conclusion the Immigration Judge relied on an improper standard of proof. The BIA, however, reviewed the Immigration Judge's decision *de novo* and gave no indication that it deferred to the Immigration Judge's decision. We therefore are reviewing only the BIA's decision. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). The BIA opinion makes no reference to the standard of proof it employed, and all of the BIA's conclusions disputed on appeal are legal determinations based on statutory construction.

If the BIA's legal conclusion is flawed, the matter must be remanded regardless of the standard employed. The parties have not sufficiently briefed, and we decline to resolve, the "open question of who then bears the burden of showing admissibility, or a lack of inadmissibility, once it has been determined that an alien is an applicant for admission." Matter of Rivens, 25 I. & N. Dec. 623, 626 (BIA 2011).

merely *reckless* conduct, which does not.[10] See In Re: Xiomara Esther Rodriguez-De Espinoza, A041 319 055 – San Diego, CA, 2008 WL 5025213, at *2 (BIA Oct. 28, 2008).

In light of the present record, which provides no evidence for determining that Guerrero *knowingly* assisted another alien to illegally enter the United States, we conclude that the BIA erred when it determined that Guerrero's guilty plea to an offense under § 1324(a)(2)(A) was sufficient to demonstrate her "inadmissibility" pursuant to § 1182(a)(6)(E)(i).

Because "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained," SEC v. Chenery, 318 U.S. 80, 95 (1943), we will therefore reverse the decision of the BIA and remand the matter to the BIA for further proceedings consistent with this opinion.

---

[10] Guerrero was indicted for attempting to bring aliens to the United States "knowing and in reckless disregard" of their lack of authorization to enter. Because the statute itself may be satisfied by *either* knowledge *or* recklessness, however, demonstration of either *mens rea* is adequate for conviction. United States v. Niederberger, 580 F.2d 63, 68 (3d Cir. 1978). See also Matter of Espinosa, 10 I. & N. Dec. 98 (BIA 1962).

9