Jorge MARTINEZ–GUIJARRO, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 13–70639.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2016.

Filed March 21, 2016.

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner.

Jeffery R. Leist, Trial, Andrew Nathan O'Malley, Trial, OIL, Gladys Marta Steffens Guzman, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

MEMORANDUM *

Jorge Martinez–Guijarro ("Martinez"), a lawful permanent resident ("LPR"), petitions for review of a decision by the BIA. The BIA concluded that Martinez was properly treated as "seeking an admission" under 8 U.S.C. § 1101(a)(13)(C)(iii) when he returned from a brief trip to Mexico,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and accordingly affirmed the immigration judge's finding of removability and denial of cancellation of removal. Because we agree with Martinez that he should not have been treated as "seeking an admission" upon his return, we need not address the other arguments in his petition.

An LPR who returns to the United States after traveling abroad "shall not be regarded as seeking an admission" unless certain exceptions apply, one of which is that the LPR "has engaged in illegal activity after having departed the United States." § 1101(a)(13)(C)(iii). Here, the BIA held that Martinez's "admitted use of marijuana in Mexico was sufficient, *without more*, to trigger the exception set forth" in this subsection (emphasis added). Although the government urges otherwise, this statement in context makes clear that the BIA relied solely on Martinez's admitted use of marijuana in Mexico as the basis for its finding that he satisfied the exception set forth in § 1101(a)(13)(C)(iii). However, the government may not just state *ipse dixit* that a returning LPR's conduct constituted illegal activity; instead, it must actually prove that it did so. The BIA erred in concluding that the government demonstrated by clear and convincing evidence that § 1101(a)(13)(C)(iii) has been satisfied here. *See Matter of Guzman Martinez*, 25 I & N Dec. 845, 847–48 (BIA 2012).

Because the record does not establish that the exception in § 1101(a)(13)(C)(iii) has been satisfied, Martinez may not be treated as "seeking an admission." As a result, he is not removable, contrary to the BIA's conclusion, for admitting to smoking marijuana in the United States. The statute that allows for the removal of noncitizens "in and admitted to the United States" requires that a non-citizen be "*convicted of*" a controlled substance offense. 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). There is no evidence in the record to suggest that Martinez satisfies this statute. Accordingly, we grant the petition and remand to the BIA with instructions to terminate the removal proceedings.

**PETITION GRANTED.**